UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DOUGLAS SIMMONDS,

               Plaintiff,

v.

CITY OF NEW YORK, *et al.*,

               Defendants.

**ORDER**
21-CV-06495 (HG) (LGD)

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff commenced this action *pro se* on November 18, 2021, asserting claims pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his First and Fourteenth Amendment rights while he was incarcerated on Rikers Island. ECF No. 1 (Complaint). At first, Plaintiff participated in this lawsuit. For example, on December 15, 2021, Plaintiff filed a letter informing the Court that his address had changed and inquiring about the next steps in his case. ECF No. 6 (December 2021 Letter). However, Plaintiff has stopped participating in the action and has not filed anything on the docket since December 15, 2021.

      On October 7, 2022, Defendants moved to dismiss Plaintiff's complaint for failure to state a claim and served Plaintiff with a copy of their motion papers. ECF No. 18 (First Motion to Dismiss). Upon receiving Defendants' motion, the Court gave Plaintiff until December 6, 2022, to mail his opposition memorandum and mailed a copy of the Court's order and Defendants' motion to dismiss to Plaintiff. ECF Text Order, October 11, 2022. Plaintiff missed his deadline to mail his opposition memorandum. In May 2023, the Court learned that Plaintiff had been released to parole supervision on October 19, 2022 and, out of an abundance of caution, directed Defendants to identify Plaintiff's current address, serve Plaintiff with their motion to dismiss at his current address, and re-file the motion to dismiss on the Court's docket

along with proof of service.  ECF Text Order, May 3, 2023.  The Court also directed Plaintiff to file his opposition to Defendants' motion to dismiss within 30 days of service and to notify the Court of any address changes as he had done in the past.  *Id.*  The Court warned Plaintiff that "[f]ailure to respond to the motion or to notify the Court of address changes may result in dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)."  *Id.*

On July 19, 2023, Defendants re-filed their motion to dismiss and attached a certificate of service.  ECF No. 19 (Second Motion to Dismiss).  Defendants certified that they had served Plaintiff by mailing him a copy of their motion to dismiss and a copy of the docket to an address provided and identified as current by the Staten Island Office of the New York State Division of Parole (the "Parole Office").  ECF No. 19-1 (Certificate of Service).  On August 29, 2023, after Plaintiff failed to file an opposition to Defendants' motion to dismiss, the Court entered an order requiring Plaintiff to file: "(1) a letter stating that he still intends to participate in this case, and providing an address, telephone number, and email address, if any, that the Court and Defendants' counsel may use to contact him; and (2) his opposition to Defendants' motion to dismiss."  ECF No. 20 (Order to Respond).  The Court warned Plaintiff that if he did not file the documents, the Court would "likely dismiss his claims with prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which means that Plaintiff will lose his ability to assert against Defendants the claims alleged in his complaint."  *Id.*  The Court mailed a copy of its Order and Defendants' motion to dismiss to Plaintiff at the address provided by the Parole Office.

The Court unambiguously warned Plaintiff on two separate occasions that if he failed timely to respond to the Court's orders and to notify the Court of address changes, then the Court would likely dismiss his claims with prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  ECF Text Order, May 3, 2023; ECF No. 20.  More than

three weeks have passed since Plaintiff's deadline to demonstrate that he intends to proceed with this case, and he has not filed any response to the Court's order. Therefore, the Court finds that dismissing Plaintiff's claims with prejudice is appropriate.

When dismissing claims for failure to prosecute pursuant to Rule 41(b), the Second Circuit has directed district courts to consider the following factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).[1]

Each of the relevant factors favors dismissal. As described above, the Court warned Plaintiff multiple times that he needed to maintain current contact information with the Court and warned that Plaintiff's claims could be dismissed for failure to prosecute if Plaintiff failed to do so. On August 29, 2023, the Court gave Plaintiff an unambiguous final warning that his claims would be dismissed if he failed timely to come forward to state his intent to participate in the case. Plaintiff has not filed any documents in the case since December 15, 2021 and, under the most generous possible interpretation of the facts, Plaintiff's non-participation in the case has lasted at least three months since he was served with Defendants' motion to dismiss in July 2023 at the address he provided to the Parole Office upon his release.[2] Defendants would be

---

[1]   Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

[2]   Under a less generous interpretation of the facts, Plaintiff's non-participation in the case has lasted since October 2022 when Defendants first filed their motion to dismiss and served it on Plaintiff at the facility at which he was then incarcerated. The Court has no reason to believe Plaintiff did not receive the copy of Defendants' motion that was mailed to him on October 7,

prejudiced by being forced to attempt to disprove the claims of a party who has been nonresponsive and is unlikely to participate in discovery. Similarly, the Court has an interest in eliminating this case from its docket, rather than keeping it open for the benefit of a party who has shown no interest in participating in the case for at least three months. "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this [D]istrict seek access to the courts." *Rojas v. L-Ray, LLC*, No. 20-cv-6109, 2021 WL 6127047, at *2 (S.D.N.Y. Dec. 28, 2021) (dismissing claims pursuant to Rule 41(b)).

Finally, I have considered imposing less drastic sanctions, such as monetary sanctions. But since warning Plaintiff that his case may be dismissed has not triggered his participation, "there is no reason to believe that a lesser sanction would be effective." *Aguilar v. Kimo Mgmt. Grp. Corp.*, No. 21-cv-7537, 2023 WL 2822201, at *2 (S.D.N.Y. Apr. 6, 2023) (dismissing claims pursuant to Rule 41(b) because plaintiff ignored order warning about potential dismissal and "appear[ed] uninterested in pursuing her claims"). The fact that Plaintiff has failed to appear in this case even after Defendants and the Court served him with multiple Court orders and motions at the address on file with the Parole Office, which he is legally obliged to keep current, suggests that he is unlikely to resume participating in this case in response to lesser sanctions.

## CONCLUSION

For the reasons set forth above, the Court dismisses Plaintiff's claims with prejudice for failure to prosecute pursuant to Rule 41(b). The Clerk of Court is respectfully directed to enter judgment and to close this case. Defendants' counsel shall mail a copy of this order and the

---

2022, but, in an abundance of caution and because Plaintiff was released to parole supervision less than two weeks after the motion was served, the Court gave him an additional opportunity to oppose the motion and signal his intent to continue prosecuting his case by ensuring he received a copy of Defendant's motion at the address where he resided after his release. ECF Text Order, May 3, 2023.

eventual judgment to Plaintiff's last known address and shall file a letter no later than three business days after the judgment has been issued confirming that they have done so.

SO ORDERED.

                                                      */s/ Hector Gonzalez*
                                                      HECTOR GONZALEZ
                                                      United States District Judge

Dated: Brooklyn, New York
        October 18, 2023